GRACEY, JUDGE:
This claim was filed by Paul P. Knott as Executor of the Estate of his wife, Delores C. Knott, whose death occurred as the result of a single care accident at about 6:45 a.m. on Friday, January 27, 1984, in the vicinity of Ken's Grocery, about 2.7 miles West of Burlington on Route 50, in Mineral County. Mrs. Knott was driving the family car, a 1978 Buick, with new all reason radial tires, westerly on Route 50, on her way to work as an operating room nurse at Potomac Valley Hospital in Keyser. after rounding a gradual curve to her right, she apparently lost control of her car on a large area of ice on the highway. The car went off the left side of the highway and through a parking area of the store, its right side striking a large tree, and the car coming to rest down over a bank. From the evidence, it appears that the ice on the highway was from water from a drainage ditch on the northerly side of the highway. The temperature was reported as 20 degrees at 7:00 o'clock that morning.
*55 The icy condition had been similar on the previous morning when two other vehicle operators had lost control. Witness Lisa E. Taylor testified about how she had lost control of the vehicle she had been operating in a westerly direction at about 8:20 a.m. She told how the vehicle had turned and proceeded backwards through the store lot and had been stopped by a pile of plowed snow. Shortly afterwards, and having observed other vehicles coming by as he helped her from her car and into his store, Kenneth L. Welch, owner of the store had telephoned the respondent's office:
"I told them exactly what had happened. I said we're going to have a real bad accident. Not something similar like the one had just happened. The only response I got, 'We are aware of the situation'".
At about 6:10 a.m. on that previous morning, witness Jeffrey S. Pyle had also lost control of his vehicle on the patch of ice as he was traveling westerly. He, too, had gone off the left side of the highway, his vehicle finally coming to rest in the store parking lot. After proceeding to his job, he had telephoned the respondent, describing the patch of ice as "about three car lengths long" and emphasizing its serious nature. On the following morning, he had hit a patch of ice there again and had again, upon arrival at work, telephone the respondent, but the fatal accident had probably then already occurred.
Sergeant (then Trooper) G. A. Armentrout, of the Department of Public Safety, testified about his investigation of the accident resulting in the death of Mrs. Knott. He arrived at the scene at about 8:00 a.m. He had indicated the presence of an "icy area" on his diagram.
Several of respondent's employees testified and several daily record forms-of respondent were placed in evidence. There was no testimony or exhibit tot he effect that the subject patch of ice had been dealt with in any manner prior to the accident and death of Mrs. Knott. A work form for the previous day, January 26, did show that a dump truck and spreader had been sent out at some time with two tons of salt (with abrasives) for Route 50 but did not show any application of same to the subject patch of ice. Mr. Pyle said that, in his two telephone reports to the respondent, he had been told that the highway had been treated earlier. He said he had closely examined the patch of ice on the morning on January 27th and that nothing had been applied to it.
At the time of her death Mrs. Knott was the income provider for her family, earning $18,557 from her employment while the family dairy farm had operated at a loss during 1983. In addition to her husband, Mrs. Knott was survived by four daughters. It had been a close family. Ann Knott, the oldest, was managing a bowling alley in Romney. Linda Knott was a Senior at Salem College. Susan Knott Marks was married and living at Frederick, Maryland. The youngest, Janet Delores Knott (now Bacorn) was a Junior in high school, and plans were being made for her to go to college, plans which had to be abandoned by reason of her mother’s death.
*56 The evidence showed that the described icy condition, at that place, was one which had never occurred prior to January 26, 1984. Mrs. Knott had stayed home from work that day, recovering from a cold, and apparently had no forewarning of its presence.
Respondent's ditch work is ordinarily done in warn weather months. But had the respondent appropriately responded to the telephone calls it received from Mr. Welch and Mr. Pyle on January 26, 1984, it is a fair assumption that the ditch would have been cleaned, keeping the water from flowing into the highway, or that the area would have been adequately treated with salt and abrasives during the following freezing temperature night and early morning hours. Neither of these actions was taken, nor were any warning signs placed.
This Court has repeatedly held that the State is not a guarantor of the safety of travelers on its roads, following Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). Exceptions have been allowed where the Department of Highways had actual or constructive notice of a defect and, having adequate time, had failed to correct the defect or provide warning signs or barriers. Neither can the State be required nor expected to keep its highways absolute free of ice and snow at all times, and the presence of an isolated ice patch on a highway during winter months is generally insufficient to charge the Stat with negligence. See 39 Am. Jur. 2d Highways, Streets and Bridges, par. 506. See also Woofter vs. State Road Comm'n., 2 Ct.Cl. 393 (1944); Christo vs. Dotson, 151 W.Va. 696, 155 S.E.2d 571 (1967). However, this Court did find negligence and impost liability on the State, with reference to such an isolated patch of ice where its presence was not due to natural elements, but due to a clogged culvert, the routine maintenance of which was the admitted responsibility of the State, even tough it was unclear whether the State had or should have had actual knowledge of the particular culvert adjacent to the site of the accident, the State being chargeable with a duty to inspect and correct the condition within the limits of funds appropriated by the legislature. Application of salt and cinders was inadequate, it being foreseeable that the continued spread of water onto the road and the drop in temperature after sundown, would result in the reformation of ice. McDonald vs. Department of Highways, 13 Ct.Cl. 13 (1979). The facts of the instant case are practically identical except that here a drainage ditch was clogged, and the Department of Highways had actual notice, about twenty-four hours earlier, of the present of the ice. Its failure to take appropriate action to determine and correct the situation requires a finding of negligence on its part.
Accordingly, the Court makes an award in the sum of $152,732.00 to Paul P. Knott, Executor of the Estate of Delores C. Knott, Decease, including:
(A) The sum of $2,723.00 for funeral expenses;
(B) The sum of $50,000.00 to be distributed to Paul P. Knott, surviving husband of Delores C. Knott;
(C) The sum of $23,750.00 to be distributed to Ann Knott,' a surviving daughter of Delores C. Knott;
*57 (D) The sum of $23,750.00 to be distributed to Linda Knott, a surviving daughter of Delores C. Knott;
(E) The sum of 23,750.00 to be distributed to Susan Knott Marks, a surviving daughter of Delores C. Knott; and
(F) The sum of $28,750.00 to be distributed to Janet Delores Knott Bacorn, a surviving daughter of Delores C. Knott.
Total Award $152,732.00.