GRACEY, JUDGE:
On or about January 6, 1985, claimant's wife, Georgia White, was travelling on State Route 49 near Matewan, Mingo County, in a 1983 Chevrolet pickup truck. The vehicle which Georgia White was operating slid on a patch of ice on the highway. She lost control of the vehicle which struck a wall. She died in the accident. Claimant seeks $175,000.00 for the wrongful death of his wife.
Claimant alleges that the area where the accident occurred is improperly ditched. In addition, this defective condition has existed for a long period of time, and respondent had constructive notice of said defect, and, therefore, is negligent.
*219 Deborah Kay Scott, daughter of the deceased, was following her mother's vehicle in another vehicle on the night of the incident. She testified that she left her home at approximately 8:30 p.m. accompanied by Georgia White and Shirley Johnson. They went to Doug's Lounge and then to the Silver Dollar. These are social establishments. She thought that her mother had a single drink at Doug's, and she did not stay with her at the Silver Dollar. She was unable to state whether her mother had a drink at the second bar. They left the second bar between 3:00 a.m. and 3:30 a.m. Georgia was driving the pickup truck. Yvonne Montgomery was driving the vehicle in which Deborah Scott was a passenger. She estimated that the speed of the Montgomery vehicle was approximately 25-30 miles per hour. The truck operated by Georgia White passed the Montgomery vehicle. There was a double yellow line present according to Deborah Scott. She estimated that the speed of the White truck was approximately 40-45 miles per hour. When Georgia White attempted to drive back into her lane of travel, the vehicle slid on the ice. It then slid into a wall adjacent to the left side of the road and bounced back across the road to the other side of the road. Georgia White and Donnie were laying "... like up agin the brick wall and Shirley, she was laying over in those people’s yard." She further testified that on the trip from Doug's Lounge to the Silver Dollar, they passed the area of the accident site for the second time. When they passed the accident site for the third time that evening, the accident occurred. She also indicated that 25 miles per hour speed limit signs were present on the night in question on Route 49 South and Route 49 North.
Nora Talbert has lived in a residence adjacent to State Route 49, near Matewan, since 1940. She stated that it is in a low lying area. After the flood in 1977, her house was raised six feet. Presently, the house is level with the highway. There is a concrete wall between her property and State Route 49. She testified that there has been a problem with drainage. "... we have no where for the water to go except out on the highway." She stated that there is frequently standing water in that location. None of the road is ditched. She further testified that before the 1977 flood, the respondent constructed a ditch line near Sulfur Creek. This ditch is no longer present, but she could not confirm whether it was present at the time of Georgia White's accident. Mrs. Talbert stated that the White accident occurred where Sulfur Creek Road intersects with State Route 49.
Wendell B. Mullins, County Maintenance Superintendent for Mingo County with respondent, checked records maintained by respondent to determine if there were any complaints regarding this particular section of Route 49 prior to January 6, 1985. He did not find any complaints about this section of Route 49. Charles R. Lewis, II, Planning and Research Engineer with respondent, testified that he reviewed the accident reports from January 1, 1987 through the date of the accident. He found no reports of accidents for that time period. He did find a report of an accident which had occurred prior to 1981. It occurred on November 10, 1980.
This Court has repeatedly held that the State is not a guarantor of the safety of travelers on its highways. Adkins vs. Sims, 130 W.Va 645, 46 S.E.2d 81 (1947). Exceptions have been made where it has been established that respondent had actual or constructive notice of a defect, and, having adequate time, failed to correct the defect or provide warning signs or barriers. The *220 Court has also held that the State will not be required nor expected to keep it highways free of ice and snow at all times. The presence of an isolated ice patch on a highway during winter months is generally insufficient to charge the State with negligence. See 39 Am. Jur. 2d Highways, Streets and Bridges, §506. See also Woofter vs. State Road Comm'n., 2 Ct.Cl. 393 (1944); Christo vs. Dotson, 151 W.Va. 696, 155 S.E.2d 571 (1967).
The Court is of the opinion that Georgia White, having travelled Route 49 frequently, was aware of the potential hazard of ice at this location. This road is marked in the area of the accident site with a double yellow line indicating a no passing area. The evidence established that she was operating her vehicle at a speed which was not safe for the conditions then and there existing. It is the opinion of the Court that these factors were the proximate cause of this accident. For these reasons, the Court is of the opinion to, and must, deny this claim.
Claim disallowed.
Judge Wallace did not participate in the hearing or the decision of this claim.